IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUELINE L. SPEARLY, *et al* | : | CIVIL ACTION |
| | : | |
| v. | : | 08-CV-1260 |
| | : | |
| RAY AYER | : | |

MEMORANDUM OPINION

Savage, J.                                                                                                       July 24, 2008

Plaintiffs, Pennsylvania residents, have sued a Maine citizen and resident for personal injuries sustained in a skiing accident that occurred at a ski resort in Maine.[1] The defendant has moved to dismiss the action for lack of personal jurisdiction, contending that he has no contacts within Pennsylvania. Instead of presenting evidence establishing the defendant's minimum Pennsylvania contacts, the plaintiffs argue that the defendant failed to prove the absence of such contacts.

Once a defendant challenges personal jurisdiction, the plaintiffs must demonstrate facts establishing a basis for the exercise of jurisdiction. *O'Connor v. Sandy Lane Hotel Co., Ltd.,* 496 F.3d 312, 316 (3d Cir. 2007); *General Electric Co. v. Deutz*, 270 F.3d 144, 150 (3d Cir. 2001). In reviewing these facts, the plaintiffs' allegations are accepted as true, and disputed facts are construed in the light most favorable to the plaintiffs. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

The plaintiffs must establish "with reasonable particularity" that sufficient contacts

---

[1]Plaintiff Jacqueline L. Spearly sustained the injuries. Her husband, plaintiff Attila Puskar, brings a consortium claim.

exist between the defendant and the forum to justify the exercise of jurisdiction. *Mellon Bank (East) PSFS v. Farino.*, 960 F.2d 1217, 1223 (3d Cir. 1992). This showing of minimum contacts must comport with the requirements of the Due Process Clause such that "traditional notions of fair play and substantial justice" are not offended by requiring the defendant to appear in the forum. *Provident Nat'l Bank v. Cal. Federal Savings & Loan Ass'n*, 819 F.2d 434, 436-37 (3d Cir. 1987) (*citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The nature of these contacts must be sufficient to alert the defendant that it will be haled into court in the forum state. *Id.* at 437 (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Personal jurisdiction may be general or specific. The main focus of general jurisdiction is on the relationship between the defendant and the forum state, not on the relationship of the parties. *See Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir. 1990). The specific jurisdiction inquiry considers the relationship of the litigation to the defendant's contacts with the forum. *Pinker*, 292 F.3d at 368.

Specific jurisdiction arises when the cause of action is related to or arises out of the defendant's contacts with the forum and the injury is related to those contacts. *O'Connor,* 496 F.3d at 317. In this case, Pennsylvania has no relationship to the litigation. The incident that resulted in injuries to the plaintiff Spearly occurred in Maine, and the defendant's only contact with the plaintiffs was in that state. Thus, there is no basis to support specific jurisdiction.

General jurisdiction exists where the nonresident has continuing and systematic contacts with the forum. *Provident Nat'l Bank,* 819 F.2d at 437. Once these contacts are established, the defendant can be answerable for any claim even if the subject matter of

the cause of action has no relationship to the forum. *Penzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 2004). Unlike specific jurisdiction, general jurisdiction is not premised on conduct related to the litigation, but on the defendant's continuing contacts in the forum.

Here, the plaintiffs have presented no evidence that shows, directly or indirectly, that the defendant has had any contacts with Pennsylvania. The defendant is an individual citizen and resident of Maine, where the accident happened. In responding to the defendant's motion, the plaintiffs contend that they "cannot state that defendant has never had any contacts and/or availed himself within the Commonwealth of Pennsylvania." Nor can they say the contrary - that he has or had any such contacts. Therefore, there is nothing to support general jurisdiction.

Because personal jurisdiction over the defendant is lacking, the motion to dismiss with be granted[2].

---

[2] The Maine statute of limitations is six years. 14 M.R.S.A. § 752. Accordingly, if the plaintiffs wish to pursue an action against the defendant in that state, they may still do so.